December 21, 2021

**VIA ECF AND EMAIL**

Honorable Analisa Torres
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

> Re:   *DoorDash, Inc. v. City of New York*, No. 21 Civ. 7695 (AT)
>        *Portier, LLC v. City of New York*, No. 21 Civ. 10347 (AT)
>        *Grubhub Inc. v. City of New York*, No. 21 Civ. 10602 (AT)

Dear Judge Torres:

  We represent Plaintiff Portier, LLC in the above-referenced matter *Portier, LLC v. City of New York*, No. 21 Civ. 10347 (AT). We write jointly with Plaintiffs DoorDash, Inc. and Grubhub Inc. in response to the Court's orders stating its intention to consolidate the above-referenced actions and setting the deadline for any attorney to submit a request to be appointed lead counsel. *See DoorDash* ECF No. 38; *Portier* ECF No. 10; *Grubhub* ECF No. 12.

  All three Plaintiffs agree that consolidation is appropriate and consistent with principles of judicial economy. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). Where two or more actions "involve a common question of law or fact," Rule 42(a) of the Federal Rules of Civil Procedure allows a district court to "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Consolidation is particularly appropriate here, where Plaintiffs challenge the same New York City ordinance on many of the same grounds. *See DoorDash* ECF No. 1; *Portier* ECF No. 1; *Grubhub* ECF No. 1. Although each Plaintiff has brought a slightly different set of claims, the claims overlap in significant part, and the parties expect that the discovery that each Plaintiff will require from Defendant City of New York is largely the same.

  Plaintiffs would thus propose, for example, that the same discovery schedule should be applied to all three actions so Plaintiffs can coordinate and consolidate joint or substantially identical discovery requests to the City wherever possible. And once discovery schedules are aligned, other pre-trial proceedings could be aligned and coordinated as well. Though Plaintiffs are each cognizant that they are not identically situated, they nonetheless believe that they will be able to coordinate to reduce duplication throughout the proceedings to the greatest extent that the parties' respective positions reasonably permit, including potentially submitting joint briefing on discovery and dispositive motions.

None of the Plaintiffs seeks to have their counsel appointed as lead counsel, as Plaintiffs are confident in their ability to work together to achieve the efficiencies and benefits of consolidation with either all three firms acting as co-lead counsel or with no lead counsel. *See Walker v. Deutsche Bank*, AG, No. 04 Civ. 1921, 2005 WL 2207041, at *3 (S.D.N.Y. Sept. 6, 2005) (appointing "tri-lead counsel" where three firms had shown ability to work together); *Augustin* v. *Jablonsky*, No. 99 Civ. 3126, 2001 WL 770839, at *16 (E.D.N.Y. Mar. 8, 2001) (declining to appoint lead counsel where three plaintiffs were represented by four firms, "who should be quite capable of coordinating the conduct of the proceedings amongst themselves"). The Plaintiffs have consulted and are confident that they can work together efficiently and avoid burdening the Court or the parties with unnecessarily duplicative discovery submissions or motion papers. We understand that the City also supports consolidation and takes no position with respect to the designation of any lead or co-lead counsel.

Accordingly, Plaintiffs respectfully propose that they coordinate with the City to develop a joint proposed case management plan that would set revised deadlines for (1) the City to respond to Portier's and Grubhub's complaints (currently, those respective deadlines are February 2, 2022, and February 7, 2022[1]); and (2) common discovery and other pre-trial deadlines in all three actions. Plaintiffs further respectfully propose that the parties make a joint submission as soon as reasonably feasible regarding such a case management plan for the Court's review.

We understand that the City joins in this request to submit a joint proposed case management plan for the three actions as soon as reasonably feasible.

Respectfully submitted,

/s/ Roberta A. Kaplan
Roberta A. Kaplan
*Counsel for Portier, LLC*


/s/ Anne Champion
Anne Champion
*Counsel for DoorDash, Inc.*


/s/ Joel Kurtzberg
Joel Kurtzberg
*Counsel for Grubhub Inc.*


cc:   Counsel of Record (via ECF)

---

[1] Grubhub filed an amended complaint on December 17, 2021. The City was served with Grubhub's amended complaint on December 21, 2021. Grubhub has agreed to grant the City a 30-day extension to answer the amended complaint.