USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/7/2022_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOORDASH, INC., <br><br>      Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK,<br><br>      Defendant. | 21 Civ. 7695 (AT) |
| PORTIER, LLC,<br><br>      Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK,<br><br>      Defendant. | 21 Civ. 10347 (AT) |
| GRUBHUB INC.,<br><br>      Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK,<br><br>      Defendant. | 21 Civ. 10602 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

  On December 8 and 14, 2021, the Court notified the parties that it intended to consolidate the captioned actions and directed interested attorneys to submit applications for appointment as lead counsel. 21 Civ. 7695, ECF Nos. 36 & 38; 21 Civ. 10347, ECF Nos. 10 & 16; 21 Civ. 10602, ECF No. 12. Plaintiffs DoorDash, Inc., Portier, LLC, and Grubhub Inc. filed a joint letter consenting to consolidation and requesting that counsel for each of the actions be permitted to represent the Plaintiffs jointly in the consolidated matter. Joint Ltr., 21 Civ. 7695, ECF No. 39; *see also* 21 Civ.

10347, ECF No. 17; 21 Civ. 10602, ECF No. 15.  Defendant consents to the consolidation.  Def. Ltr., 21 Civ. 7695, ECF No. 40; *see also* 21 Civ. 10347, ECF No. 19; 21 Civ. 10602, ECF No. 20.

       Having considered the nature of the actions, the Court concludes that consolidation is appropriate.  "A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*."  *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).  Cases may be consolidated where they involve "a common question of law or fact."  *Id.* (quoting Fed. R. Civ. P. 42(a)).  A court may consolidate cases "to avoid unnecessary costs or delay," but "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial."  *Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 143–44 (S.D.N.Y. 2012) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990) (alteration omitted)).

       The Court, upon review of the complaints and the parties' letters, finds that the cases are substantially similar, involve common questions of law and fact, and that judicial efficiency would be promoted by their consolidation.  The cases challenge the same city ordinance and make overlapping claims.  Consolidation would also prevent the issuance of inconsistent orders concerning the same ordinance, and there is no indication that consolidation would prejudice the parties.  Furthermore, none of the parties have objected to consolidation.  The Court, therefore, finds good cause to consolidate the actions.  The matters will be consolidated for all purposes, including discovery, motion practice, and trial.

       Plaintiffs request that the Court appoint, as co-lead counsel, the firms representing each of the Plaintiffs.  Joint Ltr. at 2.  The three firms note that they "are confident in their ability to work together to achieve the efficiencies and benefits of consolidation."  *Id.*  Defendant does not object to the co-lead counsel arrangement but expresses concern about costs and potential discovery inefficiencies.  Def. Ltr. at 2.  The Court credits Plaintiffs' counsel's assurances and will permit the co-lead counsel approach.  *See*, *e.g.*, *Walker v. Deutsche Bank, AG*, 04 Civ. 1921, 2005 WL 2207041,

at *3 (S.D.N.Y. Sept. 6, 2005).  However, the Court reminds Plaintiffs that consolidation is intended, in part, to reduce the duplication of efforts and costs.  *See Stone*, 280 F.R.D. at 144.

Accordingly, the three captioned cases are CONSOLIDATED for all purposes pursuant to Federal Rule of Civil Procedure 42(a).  The Clerk of Court is directed to consolidate the actions with 21 Civ. 7695 as the lead case.  Plaintiffs' request to appoint the three firms representing the Plaintiffs as co-lead counsel is GRANTED.

SO ORDERED.

Dated: January 7, 2022
    New York, New York

_____
ANALISA TORRES
United States District Judge