

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**KAREN B. SELVIN**
Phone: (212) 356-2208
Fax: (212) 356-2019
kselvin@law.nyc.gov

February 22, 2022

Hon. Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007

Re:   DoorDash, Inc v. City of New York, 21-cv-7595 (AT)(SLC)

Your Honor:

Defendant City of New York ("City") submits this letter pursuant to Local Rule 37.2 and Section II(C) of Your Honor's Individual Practices in Civil Cases, requesting a conference and an order to resolve the discovery dispute outlined below with Plaintiff DoorDash, Inc. ("DoorDash"), which relates to the City's interrogatories and requests for the production of documents served on DoorDash (the "discovery requests").  The City certifies that the parties met and conferred via telephone on February 2nd from approximately 2:30 p.m. until 4:15 p.m. and February 18th from approximately 2:00 p.m. until 3:10 p.m.  Anne Champion and Jonathan Soleimani of Gibson, Dunn & Crutcher LLP participated on behalf of DoorDash, while the undersigned, Darren Trotter, and Kevin Collins of the New York City Law Department participated on behalf of the City.[1]  While the parties have committed to continuing a dialogue to resolve a number of outstanding discovery disputes,[2] the parties have been unable to reach agreement on the threshold matter of the time period applicable to the City's discovery requests served on DoorDash.  During the meet and confer on February 18th, the undersigned informed DoorDash's counsel that an impasse had been reached on this topic and that the City intended to request a discovery conference with the Court since the time period issue impacts the responses to all of the City's discovery requests.

---

[1] At DoorDash's request, attorneys representing Portier, LLC and Grubhub, Inc., plaintiffs in the related consolidated actions, were present during both meet and confers, although they did not participate in the discussions. The attorneys for Portier, LLC were Matthew Craig (Feb. 2) and Sofia Syed (Feb. 18) of Kaplan Hecker & Fink LLP, while Grubhub, Inc. was represented by Joel Kurtzberg (Feb. 2) and Jason Roebuck (Feb. 18) of Cahill Gordon & Reindel LLP.

[2] The City reserves its ability to request further assistance from the Court should the parties be unable to resolve the remaining discovery disputes through the meet and confer process.

**Relevant Background**

On September 15, 2021, Plaintiff DoorDash filed a Complaint challenging a New York City local law that requires third-party food delivery services to produce to food service establishments, upon request, the name, address, phone number, email address, and order contents ("Customer Data") of a customer unless the customer opts out of the disclosure at the time of ordering. *See* Dkt. No. 1. DoorDash alleges that this law violates the First Amendment, Contract Clause, Dormant Commerce Clause, Takings Clause, Due Process, Equal Protection, and state police powers. On December 8, 2021, the City served interrogatories and requests for the production of documents on DoorDash. *See* Exs. A and B. The City's discovery requests focused primarily on DoorDash's claims that the challenged law substantially impairs all of its contracts with food service establishments and customers, that Customer Data constitutes its trade secret, and that it is entitled to just compensation and monetary damages.

As is relevant to the instant application, in its discovery requests, the City set forth a time period of January 1, 2019 to the present. *Id.* On January 7, 2022, DoorDash served its responses to the City's discovery requests. *See* Exs. C and D. Those discovery responses provided boilerplate objections of relevance, undue burden, and proportionality as to the requested time period,[3] and stated that DoorDash would instead utilize the time period of March 7, 2020 to the present. *Id.* DoorDash provided no explanation for its unilateral imposition of the March 7, 2020 start date. *Id.*

On January 24, 2022, the City e-mailed a letter to DoorDash's counsel outlining the City's objections to DoorDash's discovery responses and requesting a meet-and-confer. *See* Ex. E. As noted above, on February 2nd and February 18th, the parties met and conferred. During the February 2nd meet and confer, DoorDash's counsel explained for the first time that their March 7, 2020 start date was tied to New York State's declaration of emergency related to the COVID-19 pandemic and that they believed discovery from before March 7, 2020 was irrelevant, would impose an undue burden, and was disproportionate to the needs of the case. In response, the City explained that information from before March 7, 2020 was highly relevant in assessing the validity of DoorDash's claim that Customer Data constitutes its trade secret. In addition, the City noted that DoorDash was arguing substantial impairment of all of its contracts and, thus, the City was entitled to view contracts from both the pre- and post-pandemic time periods to ascertain, in part, whether any material changes had been made.

Even though the City believed strongly that a January 1, 2019 start date was reasonable, in an effort to resolve the dispute amicably, the City offered during the February 2nd meet and confer to change its discovery start date from January 1, 2019 to June 1, 2019. Thereafter, on February 18th, DoorDash rejected the City's June 1, 2019 proposal and countered with January 1, 2020, claiming that it would provide an adequate pre-pandemic time frame for discovery. However, only two months before the City shut down due to the pandemic is not a sufficient window to capture a broad enough array of new contracts with restaurants in New York City for comparison purposes.

---

[3] DoorDash has failed to explain with any specificity how searching for material during the City's requested time period is unduly burdensome. *See Fischer v. Forrest*, No. 14-1304, 2017 U.S. Dist. LEXIS 28102, at *8 (S.D.N.Y. Feb. 28, 2017).

**The City's Time Period is Appropriate**

Rule 26 of the Federal Rules of Civil Procedure provides that a party is entitled to discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the rule sets forth factors to be considered, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Even though the 2015 amendments to the Federal Rules of Civil Procedure narrowed the scope of discovery, "relevance is still a broad concept under Rule 26(b)(1)"[4] and it still "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense."[5]

As noted above, in an effort to resolve this dispute amicably, the City offered to change its discovery start date to June 1, 2019. This would result in an approximate two and a half year time period for DoorDash's review which, based on the factors set forth in Rule 26, the City submits is reasonable. The revised June 1, 2019 start date will allow the City to adequately explore DoorDash's disclosure practices as it relates to Customer Data, which is critical to the City's defense against DoorDash's trade secret claim. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984). Moreover, as DoorDash has placed squarely at issue in this case the content of all of its contracts with New York City food service establishments and customers, including those entered into before and after the onset of the COVID-19 pandemic, the City should be permitted to view contracts during both timeframes to ascertain whether those contracts are in fact substantially impaired by the challenged law and, further, to ascertain whether the content of the contracts changed with the onset of the pandemic.

Simply put, the revised June 1, 2019 start date will ensure that the City receives relevant documents, particularly on DoorDash's trade secret and contract claims, that were in effect and/or created before anyone had even heard of COVID-19 or could have predicted the widespread closures of restaurants and other businesses that would devastate the City's economy, while also providing a boon to businesses such as DoorDash.

\* \* \*

Based on the foregoing, the City requests that the Court enter an order directing DoorDash to utilize the City's revised time period of June 1, 2019 to the present when responding to the City's interrogatories and requests for the production of documents.

---

[4] *Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684, 2019 U.S. Dist. LEXIS 60057, at \*4 (S.D.N.Y. Apr. 8, 2019).

[5] *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789, 2016 U.S. Dist. LEXIS 8406, at \*8-9 (S.D.N.Y. Jan. 25, 2016) (quoting *State Farm Mut. Auto. Inc. Co. v. Fayda*, No. 14-CV-9792, 2015 U.S. Dist. LEXIS 162164, 2015 WL 7871037, at \*2 (S.D.N.Y. Dec. 3, 2015)).

                                        Respectfully submitted,

                                                /s/

                                        Karen B. Selvin  
                                        Assistant Corporation Counsel

cc:      DoorDash's Counsel of Record (Via ECF)