March 3, 2022

VIA CM-ECF

The Honorable Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *DoorDash, Inc. v. City of New York*, Case No. 21-cv-7695-AT-SLC

Judge Cave:

Pursuant to the Court's January 11, 2022 Scheduling Order, Plaintiff DoorDash, Inc. ("DoorDash") and Defendant City of New York ("the City") respectfully submit this joint discovery status report. The parties have made the following progress on discovery:

DoorDash filed this case on September 15, 2021. *See* Dkt. 1. After DoorDash filed a motion for preliminary injunction, the parties entered a stipulation in which DoorDash withdrew its motion and the City stipulated not to enforce the challenged law during this litigation. *See* Dkts. 5, 29. The Court entered a discovery schedule on November 17, 2021. *See* Dkt. 33. This case has since been consolidated with two related cases filed by Portier, LLC and Grubhub Inc. (collectively, with DoorDash, "the Plaintiffs"). *See* Dkt. 43.

On December 8, 2021, DoorDash and the City each served discovery requests. DoorDash served Requests for Production.[1] The City served Requests for Production and Interrogatories.

On January 7, 2022, the City timely served responses and objections to DoorDash's discovery requests. And on January 8, 2022, DoorDash timely served responses and objections to both of the City's discovery requests.

On February 14, 2022, DoorDash joined in Requests for Production that were separately served on the City by Portier, LLC and Grubhub Inc.

The parties have engaged in productive meet-and-confer discussions to discuss various issues raised in their respective responses and objections. First, each party served upon the other deficiency letters. The City served its letter on DoorDash on January 24, 2022, and DoorDash served its letter on the City on January 27, 2022. Next, the parties engaged in lengthy and substantive telephonic meet-and-confer sessions on February 2, 2022, and again on February 18, 2022.[2] These meet-and-confer discussions have been productive and remain ongoing.

---

[1] Portier, LLC and Grubhub Inc. subsequently joined in DoorDash's Requests for Production.

[2] Counsel for Portier, LLC and Grubhub Inc. also joined these meet-and-confer discussions.

The Honorable Sarah L. Cave
March 3, 2022
Page 2

There is one issue about which the City declared an impasse and filed a letter-motion: the relevant time period, which the Court ordered that it would address at the March 8 status conference.  *See* Dkt. 55; *see also* Dkt. 53 (City Letter-Motion); Dkt. 54 (DoorDash response).  The parties continue to confer upon the remaining issues.

During the same time period, all parties in the consolidated actions have separately been iteratively negotiating a protective order, about which they continue to meet and confer.  The City sent the Plaintiffs a proposed protective order on January 13, 2022.  The Plaintiffs then discussed the City's proposal internally to reach an aligned approach before returning to the City with proposed changes.  The Plaintiffs then sent a proposed revised protective order to the City on February 9, 2022.  On February 25, 2022, the City sent a markup of the proposed protective order to the Plaintiffs.  On March 2, 2022, the Plaintiffs sent a further revised protective order back to the City, with explanations of the additional proposed revisions.

The parties continue to make progress toward productions.  As part of its initial disclosures on December 1, 2021, the City made its first production of documents, all of which are publicly available—i.e., bills, amended bills, committee reports, and other legislative history.  The City is also preparing to search for and produce additional documents responsive to DoorDash's Requests for Production.  On February 25, 2022, the City sent Plaintiffs a letter proposing custodians and search terms.  On March 2, 2022, the Plaintiffs responded to the City to note that they are working collectively on a responsive letter to identify preliminary objections to the City's proposals and thereby further the meet-and-confer process.  DoorDash is also preparing to search for documents responsive to the City's Requests for Production, and is preparing to promptly produce such documents following entry of a protective order governing discovery in this case.

There are two discovery deadlines in the near future.  The deadline to serve Interrogatories is March 18.  *See* Dkt. 47, 46-1 ¶ 6(b).  The City's responses and objections to the Portier, LLC and Grubhub Inc. Requests for Production, which DoorDash joined, are due March 16, 2022.

Respectfully submitted,

| | |
|---|---|
| */s/ Anne Champion* | */s/ Karen B. Selvin* |
| Anne Champion | Karen B. Selvin |
| | |
| *Counsel for Plaintiff DoorDash, Inc.* | *Counsel for Defendant City of New York* |