UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOORDASH, INC.,<br><br>    Plaintiff,<br>-against-<br><br>CITY OF NEW YORK,<br><br>    Defendant. | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**<br><br>21 Civ. 7695-AT-SLC |
| PORTIER, LLC,<br><br>    Plaintiff,<br>-against-<br><br>CITY OF NEW YORK,<br><br>    Defendant. | 21 Civ. 10347-AT-SLC |
| GRUBHUB INC.,<br><br>    Plaintiff,<br>-against-<br><br>CITY OF NEW YORK,<br><br>    Defendant. | 21 Civ. 10602-AT-SLC |

**WHEREAS**, the parties in the above-captioned consolidated actions (each an "action" and collectively the "actions") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of these actions:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential (hereinafter "Confidential Information") will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with these consolidated actions, and for no other purpose, including by any City official or agency in connection with any investigation of potential violations of laws or regulations or in connection with any enforcement action by the City of New York (the "City"). Nothing in this Order shall (i) limit disclosure or use by a producing party of its own Confidential Information or (ii) prohibit the City, its agencies, or any of its officials or employees from utilizing Confidential Information in any enforcement action, investigation, or for any other purpose if the City has obtained such Confidential Information independent of discovery in these actions.

3. In the event a party challenges another party's designation of confidentiality, including challenges as to whether only a portion of a document should be designated as Confidential Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Confidential Information shall not be disclosed to any person, except:

a. Outside counsel for the requesting party (which shall include Corporation Counsel for purposes of this Stipulation), and employees of such counsel who are necessary to assist in the litigation;

b. If a Plaintiff is the requesting party, outside counsel, in-house counsel, and those employees of Plaintiffs who are necessary to assist in the litigation;

c. If the City is the requesting party, (i) those employees of the City who are necessary to assist in the litigation, and (ii) the outside counsel for the non-producing Plaintiffs and employees of such Plaintiffs' outside counsel who are necessary to assist in the litigation, provided that documents shall only be disclosed pursuant to subsection (ii) of this paragraph to the extent a document is used in any action, including by being utilized in furtherance of any filing, meet and confer, court hearing, court conference, deposition, or trial;

d. As to any document, its author, its addressee, and any other person shown on the face of the document or in metadata produced therewith as having received a copy;

e. Any witness who a party in good faith believes may be called to testify at trial, by affidavit, or in a deposition in one or more of the actions regarding the Confidential Information;

f. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

g. Stenographers and video technicians engaged to transcribe or record depositions in one or more of the actions, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material;

h. Independent photocopying services, graphic production services, or discovery and other litigation support services engaged by the parties or their counsel to assist in one or more of the actions, provided such persons are subject to contractual or professional duties of confidentiality with respect to such material; and

i. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying Confidential Information to any person identified in subsections 4(e) or (f), counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

        c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

        6.      If a producing party has designated a document or information as Confidential Information, that party may remove such document or information from the scope of that protection by notifying in writing the party (or parties) to the action(s) in which the document or information was produced and re-producing the document or information without such designation.

        7.      The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

        8.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

        9.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI")

or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. The parties shall follow the Court's procedures for requests for filing under seal. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. However, the designation of information as "Confidential" by any party or third party shall require any other party wishing to file such information with the Court to file the information as a proposed sealed document or in redacted form. When a party files such materials in proposed sealed or redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party requesting such treatment that it must file, within three days, a letter explaining the need to maintain the materials under seal or in redacted form. Within two days of the filing of any such letter, the filing party may then file a responsive letter setting forth its position regarding the need to seal or redact the materials.

11. Where the portion of a document constituting Confidential Information is reasonably separable from the non- Confidential Information portion, only the portion constituting Confidential Information shall be so designated.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the

parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information by a producing party if otherwise required by law or pursuant to a valid subpoena or other legal process ("Subpoena").  To the extent permitted by law, the party to which the Subpoena is directed shall not produce material for at least ten (10) business days after notice of the Subpoena is provided to the producing party in order to provide the producing party a reasonable period of time in which to seek to quash, limit, or object to the Subpoena, or to move for any protection for the Confidential Information.  If the producing party seeks to quash, limit, or object to the Subpoena, the party to which the Subpoena is directed shall not produce Confidential Information until a court has ruled on the producing party's motion.  The obligations of the party to which the Subpoena is directed shall be limited to informing the party seeking the Confidential Information that the materials sought by the Subpoena were produced subject to this Protective Order and will not be produced until a court rules on the producing party's motion.

SO STIPULATED AND AGREED.

Dated:      March 11, 2022
            New York, New York

| **GIBSON, DUNN & CRUTCHER, LLP** | **GEORGIA M. PESTANA** |
|---|---|
| Attorneys for Plaintiff DoorDash, Inc. | Corporation Counsel of the City of New York |
|  | Attorney for Defendant City of New York |
| By: */s/ Anne Champion* | By:  */s/ Karen B. Selvin* |
| Anne M. Champion | Karen B. Selvin |
| 200 Park Avenue, 48th Floor | 100 Church Street, 4th Floor |
| New York, New York 10166 | New York, New York  10007 |
| (212) 351-4000 | (212) 356-2208 |
| achampion@gibsondunn.com | kselvin@law.nyc.gov |

| | |
|---|---|
| **KAPLAN, HECKER & FINK LLP**<br>Attorneys for Plaintiff Portier, LLC | **CAHILL GORDON & REINDEL LLP**<br>Attorneys for Plaintiff Grubhub Inc. |
| By: */s/ Roberta A. Kaplan*<br>    Roberta A. Kaplan<br>    350 Fifth Avenue, 63rd Floor<br>    New York, New York 10118<br>    (212) 763-0883<br>    rkaplan@kaplanhecker.com | By: */s/ Joel L. Kurtzberg*<br>    Joel L. Kurtzberg<br>    32 Old Slip<br>    New York, New York 10005<br>    (212) 701-3120<br>    jkurtzberg@cahill.com |

The Confidentiality Stipulation and Proposed Protective Order (ECF No. 60-1) is ADOPTED.

SO ORDERED 3/14/2022

*Sarah L. Cave*
SARAH L. CAVE
United States Magistrate Judge

### Exhibit A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signature

_____
Printed Name

Signature requested by:

_____
(Attorney)