UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOORDASH, INC., <br><br>　　　　　　　　　　Plaintiff,<br><br>　-v-<br><br>CITY OF NEW YORK,<br><br>　　　　　　　　　　Defendant.<br><br>PORTIER, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　-v-<br><br>CITY OF NEW YORK,<br><br>　　　　　　　　　　Defendant.<br><br>GRUBHUB, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　-v-<br><br>CITY OF NEW YORK,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO.: 21 Civ. 7695 (AT) (SLC)<br>　　　　　　　　　21 Civ. 10347 (AT) (SLC)<br>　　　　　　　　　21 Civ. 10602 (AT) (SLC)<br><br>**DISCOVERY ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

In these consolidated actions, Plaintiffs DoorDash, Inc. ("DoorDash"), Portier, LLC ("Portier"), and GrubHub, Inc. ("GrubHub," together, "Plaintiffs") challenge an ordinance adopted by Defendant City of New York (the "City"), requiring certain third-party food ordering and delivery platforms to disclose their customers' personal information to restaurants (the

1

"Ordinance").[1]  (See, e.g., ECF No. 1 ¶ 1 & n.1, DoorDash, Inc. v City of New York, No. 21 Civ. 7695 (S.D.N.Y.) (the "DoorDash Action")).[2]  Plaintiffs assert that the Ordinance violates, inter alia, the First Amendment, the Contract Clause, the Takings Clause, the Dormant Commerce Clause, the Due Process Clause, and the Equal Protection Clause of the United States Constitution, and several provisions of the New York State Constitution.  (ECF No. 1 ¶¶ 66–162).

Following several extensions, fact discovery closed on May 16, 2023.  (ECF Nos. 33; 66; 79; 82; 87; 88; 93; 94; 105).  Plaintiffs agreed to "coordinate and consolidate joint or substantively identical discovery requests to the City wherever possible" and sought to "avoid burdening the Court or the parties with unnecessarily duplicative discovery submissions."  (ECF No. 39; see ECF No. 43 (order requiring coordination)).

Before the Court is Plaintiffs' letter-motion asking the Court to compel the City to respond to an additional 20 contention interrogatories and to supplement its response to three contention interrogatories.  (ECF No. 107 (the "Motion")).  The City opposes the Motion.  (ECF No. 110).  For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

A. **Legal Standard**

Interrogatories are governed by Federal Rule of Civil Procedure 33, which permits a party to serve up to 25 interrogatories "[u]nless otherwise stipulated or ordered by the court" (Fed. R. Civ. P. 33(a)(1)), to "inquire into any discoverable matter."  Now-Casting Econ., Ltd. v. Econ. Alchemy LLC, No. 18 Civ. 2442 (JPC) (SLC), 2021 WL 423473, at *2 (S.D.N.Y. Feb. 8, 2021) (citing Fed. R. Civ. P. 33(a)(2)).  "Federal Rule of Civil Procedure 33 and Local Rule 33.3 permit the use of

---

[1] N.Y.C. Int. No. 2311-A (adding section 20-847.3 to subchapter 22 of chapter 5 of title 20 of the New York City Administrative Code).
[2] For simplicity, the Court cites ECF numbers in the DoorDash Action.

contention interrogatories, the purpose of which are 'to assist parties in narrowing and clarifying the disputed issue[s] and reducing the possibility of surprise at trial.'" In re Keurig Green Mtn. Single-Serve Coffee Antitrust Litig., No. 14 Md. 2542 (VSB) (SLC), 2020 WL 6290584, at *3 (S.D.N.Y. Oct. 27, 2020) (quoting Kyoei Fire & Marine Ins. Co. v. M/V Maritime Antalya, 248 F.R.D. 126, 157 (S.D.N.Y. 2007)); Fed. R. Civ. P. 33; U.S. Dist. Ct. R. S. & E.D.N.Y., Civ. R. 33.3 ("Rule 33.3"). "A party served with interrogatories under Rule 33 has a duty to 'compile information within [its] control' and provide 'all information available' in [its] responses." Rivera v. UPS, 325 F.R.D. 542, 546 (S.D.N.Y. 2018) (quoting United States v. All Assets Held at Bank Julius Baer & Co. LTD., 309 F.R.D. 1, 14 (D.D.C. 2015)); accord In re Auction Houses Antitrust Litig., 196 F.R.D. 444, 445 (S.D.N.Y. 2000).

"Courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial." Linde v. Arab Bank, PLC, No. 04 Civ. 2799 (NG) (VVP), 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012). Rule 33 "permits contention interrogatories [that are] mixed questions of law and fact[,]" but not questions that seek an answer of "pure law." Trueman v. N.Y. State Canal Corp., No. 09 Civ. 49 (LEK) (RFT), 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010); see Kendrick v. Sullivan, 125 F.R.D. 1, 2, 4 (D.D.C. 1989) (noting that hypothetical legal questions and discovery as to legal arguments are impermissible). "A contention interrogatory is proper where it asks the party to 'explain the factual bases for [that party's] contentions by providing the material facts upon which they will rely, but not a detailed and exhaustive listing all the evidence that will be offered.'" Keurig, 2020 WL 6290584, at *3 (quoting Linde and collecting cases describing party's obligation in responding to contention interrogatories).

3

B. **Application**

1. **Additional Interrogatories**

As noted above, Rule 33(a)(1) generally limits parties to 25 interrogatories unless they otherwise agree or the court, in its discretion, so orders. See Rahman v. Smith & Wollensky Rest. Grp., Inc., No. 06 Civ. 6198 (LAK) (JCF), 2007 WL 1521117, at *8 n.7 (S.D.N.Y. May 24, 2007) (noting that "the decision to consider multiple parties as one for the purposes of Rule 33(a) is within the discretion of the court"). When parties "are acting in unison and are represented by the same counsel, they may be treated as one party for purposes of the interrogatory limits." Gucci Am., Inc. v. Exclusive Imports Int'l, No. 99 Civ. 11490 (RCC) (FM), 2002 WL 1870293, at *5 (S.D.N.Y. Aug. 13, 2002) (rejecting six defendants' request to serve 150 interrogatories and limiting them to 45); see 8B Wright & Miller, Federal Practice and Procedure § 2168.1 (3d ed. 2002) (noting that "in some instances nominally separate parties should be considered one party for purposes of the 25-interrogatory limitation").

Here, the City served 25 interrogatories on each of the three Plaintiffs, and Plaintiffs previously served a collective 55 interrogatories on the City. (ECF No. 107 at 1). Plaintiffs did so in two phases: In 2022, Plaintiffs served a combined set of 20 interrogatories; in late March 2023, DoorDash served an additional 15 interrogatories and Portier and GrubHub served 10 each, for a total of 35 additional interrogatories (the "Second Interrogatories"). (ECF No. 107). Of the Second Interrogatories, the City responded to the first five from each Plaintiff's set and objected to the remainder as exceeding the limit in Rule 33(a)(1). (Id.; see ECF Nos. 107-1 at 6, 12–17; 107-2 at 5–6, 12–15; 107-3 at 5–6, 12–14; 110 at 2 n.2).

As an initial matter, the Court rejects Plaintiffs' argument that the City somehow waived its right to object to the number of the Second Interrogatories. (ECF No. 107 at 2). The City raised the numerosity objection in its responses and in the parties' meet and confer, which is sufficient under Rule 33(b)(2) and (4). Further, when subparts are included, the Second Interrogatories total considerably more than 35, which is in addition to the 55 the City has already answered. For example, DoorDash's Second Interrogatory No. 6 states:

> In Your First Defense in Your Answer, You contend that "Plaintiff [DoorDash] lacks standing to maintain this action against Defendant." Identify whether the City continues to contend that Plaintiff DoorDash lacks standing, and if so, describe the factual basis for such contention. Identify and describe all material information, evidence, and documents that support or relate to Your contention that Plaintiff DoorDash lacks standing.

(ECF No. 107-1 at 12). With its subparts, this interrogatory is in fact three, not just one. DoorDash's other interrogatories are similar, as are Portier's and GrubHub's. (ECF Nos. 107-1 at 12-17; 107-2 at 12-15; 107-3 at 11-14). Finally, although Plaintiffs are represented by separate counsel, they have been acting in unison and represented to the Court that they would "coordinate to reduce duplication." (ECF No. 39). Plaintiffs served the Second Interrogatories at the eleventh hour of fact discovery—which has been extended five times (ECF Nos. 66; 79; 87; 93; 105)—without seeking permission, which is the opposite of coordination and efficiency. The Court therefore will not require the City to answer the remainder of the Second Interrogatories. See Gucci Am., 2002 WL 1870293, at *5 (holding that magistrate judge "properly exercised his discretion to put an end to an already extensive discovery period" by not requiring plaintiff to respond to interrogatories that exceed limit in Rule 33(a)).

### 2. The City's Responses

Plaintiffs also ask the Court to compel the City to supplement its responses to three of the Second Interrogatories. (ECF No. 107 at 2-3). DoorDash Interrogatory No. 1 and GrubHub Interrogatory No. 2 seek the City's basis for arguing that the Ordinance does not violate Plaintiffs' First Amendment rights. (ECF Nos. 107-1 at 6;[3] 107-2 at 7).[4] After stating objections, the City responded similarly to both interrogatories:

> the City represents that, based on its current knowledge, it contends that the [Ordinance] does not regulate Plaintiff's speech or the content of Plaintiff's speech in violation of the First Amendment and to support this contention may rely on the plain language of the [Ordinance] and information or documents produced by the parties during discovery, including Plaintiff's policies addressing the acquisition, categorization, treatment and/or handling of Customer Data, and relevant case law.

(ECF No. 107-1 at 7; see ECF No. 107-2 at 8). DoorDash and GrubHub complain that the City has failed to explain why it contends the Ordinance does not regulate speech, why the customer data that Plaintiffs collect is not speech, and why the Ordinance meets the applicable legal standard. (ECF No. 107 at 3). The City maintains that its responses are sufficient because "determining whether the act of disclosing customer data constitutes speech is a matter of pure law that is not

---

[3] DoorDash Interrogatory No. 1 states: "In Your Second through Sixth Defenses in Your Answer, You contend that Plaintiff DoorDash has not stated a claim under the First Amendment and that Defendant has not violated the First Amendment. Do You contend that the Ordinance does not regulate speech or the content of speech? If so, describe the factual basis for Your contention. Identify all material information, evidence, and documents that support or relate to Your contention." (ECF No. 107-1 at 6).

[4] GrubHub Interrogatory No. 2 states: "You contend, in Your Second through Sixth Defenses in Your Answer, that Plaintiff GrubHub has not state a claim under the First Amendment of the United States Constitution or Article I, Section 8 of the New York Constitution, and that Defendant has not violated the First Amendment of the United States Constitution or Article I, Section 8 of the New York Constitution. What legal standard to You contend applies to GrubHub's claims under the First Amendment of the United States Constitution and Article I, Section 8 of the New York Constitution? Describe the factual basis for Your contention that the Ordinance survives that legal standard. Identify and describe all material information, evidence, and documents that support or relate to that contention." (ECF No. 107-2 at 7).

6

an appropriate purpose for an interrogatory." (ECF No. 110 at 3).  The Court agrees that, to the extent the City's responses refer to "information or documents produced by the parties during discovery, including Plaintiff's policies addressing the acquisition, categorization, treatment and/or handling of Customer Data" (ECF No. 107-1 at 7) without on which information or documents it intends to rely, its responses are insufficient.  The City shall identify, by title, bates-number, or other identifier, the documents on which it intends to rely to prove that the Ordinance does not regulate Plaintiffs' speech.  The City is not, however, required to provide case law or other legal authorities, or to provide "long narrative explanations" that Plaintiffs could otherwise have sought through a deposition of a representative of the City pursuant to Federal Rule of Civil Procedure 30(b)(6).  In re Weatherford Int'l Sec. Litig., No. 11 Civ. 1646 (LAK) (JCF), 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013); see CG3 Media, LLC v. Belleau Techs., LLC, No. 21 Civ. 4607 (MKV), 2022 WL 1172499, at *1 (S.D.N.Y. Apr. 20, 2022) (declining to compel responses to interrogatories that called for lengthy narrative responses).

Portier's Interrogatory No. 4 seeks the City's "factual basis" for its contention that the Ordinance serves a "significant and legitimate purpose," an element of Plaintiffs' claim under the Contracts Clause.  (ECF No. 107-3 at 10).  See Melendez v. City of New York, 16 F.4th 992, 1036 (2d Cir. 2021) (discussing second step in Contracts Clause claim analysis).  After stating objections, the City responded that it "contends that the [Ordinance] serves a significant and legitimate purpose, and refers Plaintiffs to the legislative record, the hearings referenced therein, and the transcript of the June 27, 2019 City Council oversight hearing for their full content and true meaning."  (ECF No. 107-3 at 10).  Plaintiffs object to the City's reference to "a mass of documents" without further detail.  (ECF No. 107 at 3).  Again, the Court finds that, to the extent

7

that the City intends to rely on "the legislative record [and] the hearings referenced therein," the City shall identify the legislative record and hearings by bates-number, date, title, or other identifying information sufficient for Plaintiffs to locate them in the parties' document productions or publicly-available documents. The City is not otherwise required to revise its response to Portier Interrogatory No. 4.

For the reasons set forth above, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART, as follows:

1. The City is not required to respond to the remainder of the interrogatories in Plaintiffs' Second Interrogatories.

2. By June 1, 2023, the City shall supplement its responses to three of the Second Interrogatories—to DoorDash Interrogatory No. 1, GrubHub Interrogatory No. 2, and Portier Interrogatory No. 4—only to the extent described in this Discovery Order.

The Clerk of Court is respectfully directed to close ECF No. 107.

Dated: New York, New York
May 22, 2023

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge