USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/13/2024__

December 12, 2024

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *DoorDash, Inc. v. City of New York*, No. 21-cv-7695-AT-SLC;
       *Portier, LLC v. City of New York*, 21-cv-10347-AT-SLC;
       *Grubhub Inc. v. City of New York*, 21-cv-10602-AT-SLC

Dear Judge Torres:

Plaintiffs DoorDash, Inc., Portier, LLC, and Grubhub Inc. respectfully request an extension of time to move for attorneys' fees and costs under 42 U.S.C. § 1988(b). Plaintiffs' deadline to move for attorneys' fees and costs is currently December 19, 2024, *see* Fed. R. Civ. P. 54(d)(2)(B), while the City's deadline to file a notice of appeal is January 6, 2025. To avoid the potential inefficiency of briefing a motion for attorneys' fees and costs while the City's appeal may be pending, Plaintiffs respectfully request that the Court extend the deadline for Plaintiffs to file an attorneys' fees motion to 60 days (1) after the time to file a notice of appeal expires or (2) if the City files an appeal, after the Court of Appeals issues the mandate, whichever is later. The City does not oppose this request for an extension.

On September 24, 2024, this Court granted summary judgment for Plaintiffs on their claims that the Customer Data Law (codified at N.Y.C. Admin. Code § 20-563.7) violates the First Amendment. Summary Judgment Order at 1, 2–3, 30–31, No. 21-cv-7695 (*DoorDash* ECF No. 212); *see* Compl. ¶¶ 8–9, 66–79 & p. 43, No. 21-cv-7695 (*DoorDash* ECF No. 1); Compl. ¶¶ 75–84 & p. 30, No. 21-cv-10347 (*Portier* ECF No. 1); Am. Compl. ¶¶ 9, 11, 74–86 & p. 42, No. 21-cv-10602 (*Grubhub* ECF No. 14) (collectively, alleging First Amendment claims under 42 U.S.C. § 1983).

This Court entered judgment on December 5, 2024. Judgment, No. 21-cv-7695 (*DoorDash* ECF No. 254). This order and judgment followed nearly three years of litigation, including significant discovery, and granted Plaintiffs "the ultimate relief they [sought]." Summary Judgment Order at 30. Each Plaintiff is thus a "prevailing party," with statutory authority to seek "reasonable attorney's fees as part of the costs" to be awarded. 42 U.S.C. § 1988(b) (authorizing attorneys' fees and costs in "any action" to enforce Section 1983); *see*, *e.g.*, *Knoeffler v. Town of Mamakating*, 126 F. Supp. 2d 305, 310–11 (S.D.N.Y. 2000) (granting plaintiff attorneys' fees after plaintiff obtained summary judgment on constitutional challenge to town ordinance); *HomeAway.com, Inc. v. City of New York*, 523 F. Supp. 3d 573, 579–81 (S.D.N.Y. 2021) (awarding plaintiff attorneys' fees after challenge to local law on constitutional grounds resulted in adoption of narrowed ordinance).

Rule 54(d) states that a prevailing party must file a motion seeking fees within 14 days after the entry of judgment—here, by December 19, 2024. Fed. R. Civ. P. 54(d)(2)(B). But this Court has the discretion to "order . . . otherwise." *Id.*; *see also* Fed. R. Civ. P. 6(b)(1)(A) (authorizing courts

The Honorable Analisa Torres
December 12, 2024
Page 2

to extend deadlines for good cause upon a motion made before the original time expires); *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

An extension is warranted here because the City's deadline to file a notice of appeal will fall on January 6, 2025, 18 days after Plaintiffs' deadline to move for fees.[1]  *See* Fed. R. App. P. 4(a)(1)(A).  Should the City appeal, that appeal "may bear on [Plaintiffs'] entitlement to fees," and "the interests of judicial economy" weigh in favor of allowing the appeal to be resolved before the parties brief and this Court decides any fee motion.  *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 889 F. Supp. 2d 606, 613 (S.D.N.Y. 2012).  Otherwise, Plaintiffs would need to either (1) prepare and file motions for fees while an appeal that could challenge their status as prevailing parties remains pending or else (2) risk untimely filings because a notice of appeal does not, on its own, "'extend the time for filing a fee claim based on the initial judgment.'"  *Roberts v. Markey*, 2006 WL 306867, at *1 (S.D.N.Y. Oct. 27, 2006) (quoting Fed. R. Civ. P. 54, advisory committee's notes (1993)).  Extending the time to file a fees motion thus would promote judicial efficiency by deferring the need for briefing and a decision until each Plaintiff's "status as a prevailing party is confirmed by the Court of Appeals."  *Leibovitz v. Paramount Pictures Corp.*, 1997 WL 542560, at *1 (S.D.N.Y. Sept. 3, 1997).

Moreover, an extension of Plaintiffs' time to file motions for attorneys' fees and costs will not prejudice the City.  "The reason for the deadline in Rule 54 is to allow parties to make financial plans without the endlessly overhanging possibility that a prevailing opponent in a case long dead will suddenly seek legal fees and upset such plans."  *State Bank of India v. Balogh, Inc.*, 1995 WL 688927, at *1 (S.D.N.Y. Nov. 21, 1995).  No concern about "upset[ting]" the City's financial planning is present here.  Plaintiffs have conferred with the City concerning their intent to seek reasonable fees and costs only after the judgment becomes final and unappealable, or after appellate rights have been exhausted, and the City does not oppose Plaintiffs' request.

Accordingly, Plaintiffs respectfully request that the Court extend the deadline to move for attorneys' fees and costs until 60 days after the time to file a notice of appeal expires or a mandate on appeal issues, whichever is later.

> GRANTED.  Plaintiffs shall file any motion for attorneys' fees (1) within 60 days of January 6, 2025, or (2) if Defendant files an appeal, within 60 days after a mandate on appeal issues, whichever is later.
>
> SO ORDERED.
>
> Dated: December 13, 2024
> New York, New York
>
> ANALISA TORRES
> United States District Judge